UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
KENNETH GARCIA,                                                        :
:
                            Petitioner,                                :    13-CR-143 (JMF)
:    17-CV-3781 (JMF)
        -v-                                                            :
:    MEMORANDUM OPINION
UNITED STATES OF AMERICA,                                              :    AND ORDER
:
                            Respondent.                                :
:
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/09/2017

JESSE M. FURMAN, United States District Judge:

      Petitioner Kenneth Garcia was convicted, following a guilty plea, of conspiracy to distribute or possess with the intent to distribute controlled substances, and sentenced principally to 198 months' imprisonment. (Docket No. 312).[1] Proceeding *pro se*, he now moves, pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence, appearing to allege that (1) the Court erred in concluding that he was a career offender within the meaning of the United States Sentencing Guidelines; (2) his plea agreement (and any waiver of the right to challenge his plea or sentence contained therein) was not knowingly and voluntarily entered into; and (3) his counsel was constitutionally ineffective for, among other things, failing to challenge the Probation Department's Guidelines calculation. (Docket Nos. 356-357).

      Section 2255 permits a prisoner in federal custody to challenge his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As a general matter, a Section 2255 motion requires a hearing unless files and records "conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b);

---

[1]     Unless otherwise noted, all docket citations are to the criminal case, 13-CR-143 (JMF).

*see also Machibroda v. United States,* 368 U.S. 487, 494 (1962); *Pham v. United States,* 317 F.3d 178, 184-85 (2d Cir. 2003). No hearing is required, however, where the petitioner's allegations are "vague, conclusory, or palpably incredible." *Machibroda,* 368 U.S. at 495. Instead, to warrant a hearing, the petitioner "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013).

Applying those standards here, and upon due consideration of all the parties' submissions (Docket Nos. 356-357, 361-362), Garcia's petition is DENIED in its entirety and without an evidentiary hearing, substantially for the reasons stated in the Government's letter brief in opposition. (Docket No. 361 ("Gov't Letter")). In particular, Garcia waived in his plea agreement all of the claims he presses here. (*See* Gov't Letter, Ex. A ("Plea Agmt."), at 5; *see also id.* Ex. B ("Plea Tr."), at 20-23). As this Court has noted before, "The Second Circuit has repeatedly — and emphatically — held that a defendant's knowing and voluntary waiver of the right to appeal [or collaterally attack] a sentence is generally valid and enforceable." *Fernandez v. United States*, No. 12-CR-445 (JMF), 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) (citing cases). In point of fact, the Second Circuit has already held that *Garcia's own waiver* is enforceable, as the Court of Appeals dismissed his direct appeal (in which he raised many of the same arguments) on the ground that he had failed to "demonstrate[] that the waiver of his appellate rights is unenforceable." (Docket No. 330).

Garcia tries to evade his waiver by asserting that it was not knowing and voluntary. (Docket No. 357 ("Petr.'s Mem."), at 5-8). It is true that a waiver may be overcome by "an attack on the validity of the process by which the waiver has been procured." *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). For example, a waiver

does not bar a defendant from seeking relief where "[a]n ineffective assistance of counsel claim . . . concerns the advice the defendant received from counsel." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (internal quotation marks and brackets omitted). In recognizing this exception, however, the Second Circuit has distinguished between "challenging the attorney's role in shaping the defendant's bargaining position," which "cannot avoid the waiver," and "challenging the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct," which can avoid the waiver. *Id.* at 138-39. "Thus, a claim of ineffective assistance that is unrelated to the plea bargaining process does not provide a basis on which to invalidate a waiver of the right to challenge the conviction by appeal or by a Section 2255 proceeding." *Abramo v. United States*, No. 12-CV-1803 (JSR), 2014 WL 1171735, at *10 (S.D.N.Y. Mar. 21, 2014); *accord Tellado v. United States*, 799 F. Supp. 2d 156, 183 (D. Conn. 2011) (Kravitz, J.).

Garcia's claim here does not fall within this "circumscribed" exception to the enforceability of a waiver. *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). At bottom, his claim amounts to little more than a dressed-up version of his attack on the fact that he was found to be a career offender within the meaning of the Guidelines. (*See, e.g.*, Petr.'s Mem. 6 ("[T]he defendant/petitioner did NOT agree to the career offender starting point enhancement, and did NOT agree to forego any challenge to such a subsequent application. Wherefore, the waiver was not knowing and voluntary, rendering the waiver 'unenforceable.'")). That is, it does not actually concern the advice he received from counsel concerning his bargaining position. *See, e.g.*, *Tellado*, 799 F. Supp. 2d at 184 ("The Second Circuit has held that a defendant cannot avoid a waiver of appeal or collateral attack rights by 'dress[ing] up' a challenge to his sentence as 'a violation of the Sixth Amendment.'" (alteration in original)

3

(quoting *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam)). Nor, for that matter, does Garcia "connect[] the knowing and voluntary nature" of his "plea decision" with his "attorney's conduct." *Id.* If anything, Garcia stood to gain from the plea agreement that counsel negotiated with the Government, as it did not include the career offender enhancement and the waiver was thus pegged to the lowest conceivable Sentencing Guidelines range.

Finally, and in any event, Garcia's argument about the waiver is belied by the record (including his own sworn statements in connection with his guilty plea and his statements at sentencing), which makes clear that his waiver applied to any sentence below 293 months' imprisonment "even if the Court employ[ed] a Guidelines analysis different from that stipulated to," (Plea Agmt. 5); that he fully understood the terms and consequences of his waiver, (*see* Plea Tr. 20-23); that he read, and had no objection to, the Presentence Report, which identified him as a career offender, (*see* Gov't Letter, Ex. C, at 4-7); and that he was sentenced to 198 months' imprisonment — well below the Sentencing Guidelines range that Garcia agreed to in the plea agreement, (*see id.* at 26), *even though it did not include the career offender enhancement*. *See, e.g.*, *Blackledge* v. *Allison*, 431 U.S. 63, 74 (1977) (finding that a defendant's guilty plea statements "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity" and any contrary "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also, e.g.*, *Garafola v. United States*, 909 F. Supp. 2d 313, 331 (S.D.N.Y. 2012) (summarily dismissing a claim that "wholly contradicts the petitioner's previous sworn statements in court at the plea proceeding — that the petitioner understood the charges against him and that he had adequate time to discuss the charges and the Plea Agreement with his attorney").

4

In short, Garcia waived all of the arguments that he presses in his Section 2255 motion. Accordingly, the motion is DENIED in its entirety. As Garcia has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Moreover, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close Docket No. 17-CV-3781, to terminate Docket No. 356 in 13-CR-143, and to mail a copy of this Memorandum Opinion and Order to Garcia.

SO ORDERED.

Date: November 9, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge